# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANGELA FINCH, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 18-4074 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                April 18, 2019

    Tangela Finch ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, the Commissioner's final decision is reversed and the case is remanded to the Commissioner.

### I.     PROCEDURAL HISTORY[1]

    On January 26, 2015, Plaintiff applied for SSI, alleging disability since June 1, 2014, because of physical and mental health problems. R. 10. Her claim was denied, initially, and Plaintiff requested a hearing. *Id.* On June 1, 2017, Plaintiff appeared before Sandra H. Morales-Rosa, Administrative Law Judge ("the ALJ"), for an administrative hearing; Plaintiff, who was represented by an attorney, and vocational expert Sherry Kristal-Turestsky ("the VE"), testified at the hearing. R. 32-58. On August 23, 2017, the ALJ, using the sequential evaluation process for

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of her Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply to Defendant's Response to Request for Review of Plaintiff ("Reply"), and the administrative record. ("R.").

disability,[2] issued an unfavorable decision. R. 10-22. The Appeals Council denied Plaintiff's request for review, on July 19, 2018, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Next, Plaintiff sought judicial review in this court and the parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on November 28, 1961, R. 20, was 55 years old when the ALJ rendered her decision. The last grade of schooling she completed was ninth. R. 36. Plaintiff's past work was as a cashier, counter attendant and cleaner. R. 52-53. She is single, has no children and lives alone in a one-bedroom apartment. R. 35.

B.   <u>Plaintiff's Testimony</u>

At the June 1, 2017 hearing, Plaintiff described both physical and mental limitations. R. 35-52. She stated that she could not work full-time, because she lacked stamina and did not get along well with other people. R. 39. Plaintiff explained that she gets frustrated and aggravated

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

2

the more time she spends at work, she loses the ability to concentrate. R. 41. When she last worked, Plaintiff argued with her employer and refused to abide by instructions on how to perform her job. R. 48-49. Additionally, Plaintiff has knee and back pain and tires easily; she reported going to sleep at 5:00 or 6:00 p.m. each day. *Id.*

Plaintiff sees a psychiatrist bi-weekly and a therapist once a month. R. 41. Therapy, along with medication,[3] helps alleviate her bipolar disorder and manic-depressive symptoms. R. 41-42. Plaintiff has a history of drug and alcohol abuse, but had been sober for five and one-half years at the time of the hearing. R. 46.

Typically, Plaintiff arises at 6:00 a.m. and eats breakfast before spending most of her day watching television or sleeping while the television is on. R. 42-43, 51-52. Plaintiff occasionally performs household chores and goes food shopping. R. 44. She rarely socializes with her friends, opting to call them on the telephone, instead; she does not attend church services. R. 44-45. Plaintiff does not go to the movies or shop at the mall. R. 45.

C.     Vocational Testimony

The VE categorized all of Plaintiff's past jobs (cashier, counter attendant and cleaner) as light[4] and unskilled.[5] R. 53. The VE was asked to consider an individual of Plaintiff's age and education, work experience, who was limited to simple, routine tasks, could make simple, work-related decisions and capable of frequently interacting with the public, coworkers and supervisors. R. 53. The VE responded that this person could perform Plaintiff's past work as a cleaner. *Id.* Next, the VE was asked to consider the same individual, if he or she was limited to occasional

---

[3] Plaintiff mentioned that one of her medications caused her to gain weight. R. 51.
[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).
[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(a).

3

interaction with the public, coworkers and supervisors. R. 54. The VE responded that this person still could perform Plaintiff's past cleaner job. *Id.* The VE, also, identified several, alternative jobs: (1) garment sorter, a light, unskilled job (31,000 positions in the national economy); (2) folder, a light, unskilled job (52,000 positions nationally); and (3) hand packager, a medium,[6] unskilled job (232,000 positions nationally). R. 54-55. If the individual would be off-task 20 percent of each workday, the VE opined that he or she could not sustain any work. R. 55. Finally, in response to Plaintiff's questioning, the VE testified that one work day per month was the level of absenteeism tolerated for unskilled work. R. 56.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since January 26, 2015, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: depressive disorder, bipolar disorder, alcohol and cocaine use disorders (in remission) (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to performing simple, routine tasks and simple work-related decisions. [Plaintiff] can tolerate occasional contact with supervisors, coworkers, and the public.

5. [Plaintiff] is unable to perform any past relevant work (20 CFR 416.965).

---

[6] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

4

6.  [Plaintiff] was born on November 28, 1961 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7.  [Plaintiff] has a limited education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 416.968).

9.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since January 26, 2015, the date the application was filed (20 CFR 416.920(g)).

R. 12-15, 20-21.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting

*de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff is capable of performing given her age, education, work experience and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs that exist in the national economy; hence, she was not disabled. R. 10-22. Plaintiff disputes this determination and argues that the ALJ erred by: (1) improperly discounting the opinions of her main treating mental health sources, Nicole Laporte, CRNP and Margaret Enright, CRNP; (2) improperly according deference to the opinion of the state agency psychological consultant, William Davis, Psy.D.; (3) improperly evaluating her subjective complaints; and (4) failing to include her moderate limitation in the ability to concentrate, persist or maintain pace in the hypothetical question posed to the VE. Pl. Br. at 3-16. The Commissioner disputes Plaintiff's assertions and maintains that the ALJ's decision is supported by substantial evidence. Resp. at 4-19. This court concludes that the ALJ committed reversible error by failing to account, throughout the disability determination process, for her finding that Plaintiff suffers moderate limitation with the ability to concentrate, persist or maintain pace; hence, it is unnecessary to consider Plaintiff's other claims.

It is well-established that a hypothetical question must include all of the claimant's limitations that are supported by the record, or else, the question is deficient and the VE's answer to it cannot constitute substantial evidence. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (citing, *inter alia*, *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)). In *Ramirez*, the ALJ had determined that the claimant "often" experienced deficiencies of concentration, persistence or pace. 372 F.3d at 549. That level of deficiency corresponds to "moderate" limitation in the ability to concentrate, persist or maintain pace, under the terminology used in the regulations that applied to Plaintiff. *Sawyer v. Berryhill*, 305 F. Supp. 3d 664, 668-69 (E.D. Pa. 2018). In *Ramirez*, the ALJ failed to include the concentration, persistence and pace limitation in

7

the hypothetical posed to the VE. 372 F.3d at 549. The Third Circuit found that this failure rendered the hypothetical question deficient and constituted reversible error, because the ALJ's decision that Plaintiff could perform work lacked substantial evidence. *Id.* at 554-56. Notably, the *Ramirez* court held that a hypothetical scenario that limited work to "simple one to two step tasks," did not properly account for the claimant's deficiencies in pace. *Id.* at 554.

Post *Ramirez*, the Third Circuit issued three non-precedential decisions wherein the court found that a hypothetical question which restricted the individual to simple tasks would be sufficient to accommodate moderate difficulties to concentrate, persist or maintain pace. *Hollowey v. Comm'r of Soc. Sec.*, 590 Fed. Appx. 167, 168 (3d Cir. 2014); *McDonald v. Astrue*, 293 Fed. Appx. 941, 946 (3d Cir. 2008); *Menkes v. Astrue*, 262 Fed. Appx. 410, 412 (3d Cir. 2008). Recently, Judge Beetlestone has explained why it is prudent not to rely upon these non-precedential decisions and, instead, follow *Ramirez*. *Sawyer*, 305 F. Supp. 3d at 670-71. Finding her reasoning persuasive, I, too, will follow *Ramirez*, which is still binding precedent.

While deciding whether Plaintiff met or equaled a listed mental impairment, the ALJ concluded that Plaintiff had moderately limited ability to concentrate, persist or maintain pace. R. 13. This is the third of the four B criteria for evaluating whether a claimant meets Listed Impairment 12.04. As Plaintiff argues, *see* Pl. Br. at 14-16, the ALJ had the duty expressly to include this limitation in any hypothetical question posed to the VE that the ALJ would rely upon to find Plaintiff not disabled. *Ramirez*, 372 F.3d at 554. In the basic hypothetical question posed, the ALJ did not explicitly include this limitation. R. 53. The ALJ's inclusion of a limitation for simple, routine tasks, *id.*, would not, under *Ramirez*, properly address Plaintiff's limitation in pace. 372 F.3d at 554. Hence, as in *Ramirez,* the ALJ's decision must be reversed and the case remanded to the Commissioner so that the ALJ can pose a hypothetical question that includes Plaintiff's

8

moderate restriction in concentrating, persisting or maintaining pace. *Id*. at 555-56.

    An implementing order follows.